UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
NOV 13 2007
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-

D-1 NADA NADIM PROUTY,

    Defendant.
_____/

No. 07-20156

HON. AVERN COHN

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant NADA NADIM PROUTY and the government agree as follows:

1. **GUILTY PLEA(S)**

    **A.**  **Count(s) of Conviction**

Defendant will waive grand jury indictment and enter a plea of guilty to **Counts One, Two and Three** of the Second Superseding Information. Count One charges Conspiracy for which the maximum penalty is 5 Years imprisonment and a $250,000 fine; Count Two charges Unauthorized Computer Access for which the maximum penalty is 1 Year imprisonment and a $100,000 fine; Count Three charges Naturalization Fraud for the which the maximum penalty is 10 Years imprisonment and a $250,000 fine, and requires the Court to de-naturalize the defendant pursuant to 8 U.S.C. § 1451(e).



B. **Elements of Offense(s)**

The elements of Count One (Conspiracy) are:

(1) Two or more persons conspired and agreed to defraud the United States and to commit the offenses against the United States referenced in the Information;

(2) Defendant deliberately joined or became a member of the conspiracy having knowledge of its purposes; and

(3) The conspirators committed at least one overt act in furtherance of the conspiracy and to effect the objects of the conspiracy.

The elements of Count Two (Unauthorized Computer Access) are:

(1) Defendant accessed a computer and thereby obtained information from an agency of the United States;

(2) In so doing, defendant exceeded her authorized access to information within the computer system; and

(3) Defendant did so intentionally and not as a result of an accident or mistake.

The elements of Count Three (Naturalization Fraud) are:

(1) Defendant obtained naturalization or citizenship;

(2) Defendant did so contrary to law by making false statements which were material; and

(3) Defendant did so knowingly and intentionally.

C.  **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's guilty plea:

From April 13, 1990 through September 21, 2007, NADA NADIM PROUTY conspired with Samar Khalil Nabbouh, Elfat Nadim El Aouar, Talal Khalil Chahine, and others to defraud the United States of valuable benefits of U.S. citizenship including U.S. government employment, security clearances, U.S. military commissions, passports etc., and to commit offenses against the United States including marriage fraud, naturalization fraud, perjury, false statements, and use of fraudulently procured proof of citizenship. In furtherance of the conspiracy and to effect its objects, NADA NADIM PROUTY committed the following overt acts: 1.) Defendant PROUTY committed marriage fraud in violation of 8 U.S.C. § 1325 by marrying U.S. citizen Chris Michael Deladurantaye in Detroit, Michigan on August 9, 1990 for the purpose of evading U.S. immigration laws; 2.) Defendant PROUTY submitted a series of false, fraudulent and forged documents and letters to immigration authorities verifying the validity of the fraudulent marriage in order to obtain permanent residency status and, later, U.S. citizenship, thereby committing naturalization fraud in violation of 18 U.S.C. § 1425(a). In fact, defendant PROUTY hired Deladurantaye to marry her, never had any relationship with Deladurantaye or consummated the marriage, and never resided with Deladurantaye as husband and wife as falsely represented continuously throughout her A-file (alien file); 3.) Defendant PROUTY defrauded the Federal Bureau of Investigation into hiring her on or about April 21, 1997 by, among other things, utilizing her fraudulently procured naturalization certificate, continuing to assert that her marriage to Deladurantaye was legitimate, and denying or failing to disclose any criminal or other compromising activity in her background; 4.) Defendant PROUTY defrauded the Central Intelligence Agency into hiring her on or about February 15, 2003 by, among other things, referencing her fraudulently procured naturalization certificate, continuing to assert that her marriage to Deladurantaye was legitimate, and denying or failing to disclose any criminal or other compromising activity in her background.

On June 24, 2003, NADA NADIM PROUTY, while employed as a Special Agent of the Federal Bureau of Investigation, an agency of the U.S. Department of Justice, intentionally accessed the FBI Automated Case Support (ACS) computer system to obtain information from a national security investigation being conducted by the FBI's Detroit, Michigan field office. The case number of the investigation was DE-74791. The subject matter of the investigation was the designated foreign terrorist organization, Hizballah. Defendant was not assigned to work on Hizballah cases as part of her FBI duties, and she was not authorized by her supervisor, the case agent assigned to the case, or anyone else to access information from the investigation in question. At the time, defendant PROUTY knew that she was permitted to access information from the ACS system for official business only and that the information was available only to persons having a legitimate need to know.

## 2. SENTENCING GUIDELINES

### A. Standard of Proof

The Court will find sentencing factors by a preponderance of the evidence.

### B. Agreed Guideline Range

There are no sentencing guideline disputes. Except as provided below, defendant's guideline range is 6 to 12 months, as set forth on the attached worksheets. If the Court finds:

a) that defendant's criminal history category is higher than reflected on the attached worksheets, or

b) that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from her probation officer; otherwise demonstrated a lack of acceptance of responsibility for her offense(s); or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than 6 to 12 months, the higher guideline range becomes the agreed range. However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does *not* authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as

necessary to the Court's determination regarding subsections a) and b), above. Apart from the actual calculation of the sentencing guideline range, this agreement does not limit defendant's ability to argue for a sentence below the stipulated sentencing guideline range based upon the sentencing factors of 18 U.S.C. § 3553.

3.  **SENTENCE**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

### A.   Imprisonment

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case may not exceed the mid-point of the sentencing guideline range as determined by Paragraph 2B. Moreover, the government will not oppose defendant's request to be sentenced under the alternatives referenced in U.S. Sentencing Guideline § 5C1.1(c)(2) & (3), applicable to Zone B of the Sentencing Table.

### B.   Supervised Release

A term of supervised release may follow any term of imprisonment. The Court may impose a term of supervised release on count one, two, and three of up to 3 years on each count. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

### C.   Special Assessment(s)

Defendant will pay a special assessment of **$225** and must provide the government

with a receipt for the payment before sentence is imposed.

### D. Fine

The Court may impose a fine on each count of conviction in any amount up to $250,000.

### E. Restitution

Restitution is not applicable to this case.

## 4. WAIVER OF STATUTE OF LIMITATIONS.

Defendant has been advised that the statute of limitations for Naturalization Fraud in violation of 18 U.S.C. § 1425 is ten years after the commission of the offense. 18 U.S.C. § 3291. Accordingly, defendant could not be prosecuted for count 3 of the Second Superseding Information without her consent and express waiver of the statute of limitations, which expired on or about August 5, 2004. Defendant hereby waives the statute of limitations otherwise applicable to count 3, consents to be prosecuted on that charge without regard to the statute of limitations and to plead guilty to the charge.

## 5. DEFENDANT'S EMPLOYMENT.

Defendant agrees to take all necessary steps to resign from her employment with the Central Intelligence Agency (CIA) by November 6, 2007, and to fully and truthfully cooperate with the CIA on any matters the CIA deems necessary to transition defendant out of its employment in a manner consistent with safeguarding the national security of the United States. Such cooperation is to include, but is not limited to, defendant's participation in debriefing and polygraph interviews to be conducted and concluded at the

convenience of the CIA.

6. **OTHER CHARGES.**

The government agrees not to charge defendant with any other offenses of which it is currently aware.

7. **OTHER DEFENDANTS.**

Upon entry of defendant's pleas of guilty as set forth in this agreement and her compliance with all provisions contained herein, the government will offer Rula Nadim Al-Aouar pretrial diversion on the charge of Naturalization Fraud with the special condition that Rula Nadim Al-Aouar relinquish, renounce, and stipulate to the revocation and cancellation of her certificate of naturalization and the final order admitting her to United States citizenship. The parties agree that Rula Nadim Al-Aouar's failure to accept the government's offer or to comply with her pretrial diversion agreement, or the Court's refusal to enforce the pretrial diversion agreement for any reason, will not constitute a basis for withdrawing defendant's guilty pleas.

8. **STIPULATION TO JUDICIAL ORDER OF REMOVAL & GRANT OF WITHHOLDING TO LEBANON.**

The defendant admits that she is a native of Lebanon, that her U.S. citizenship will be automatically revoked as a result of her guilty plea to count 3, and that she is removable from the United States pursuant to Title 8, United States Code, Sections 1228(c) and 1227 as a result of her guilty pleas in this case. The defendant further waives any right that she may have to receive notice of intent to request judicial removal and a charge containing factual allegations regarding the removal. The defendant understands and knowingly

waives her right to a hearing before an immigration judge or any other authority under the Immigration and Nationality Act, on the question of her removability from the United States. The defendant further understands the rights she would possess in a contested administrative proceeding and waives these rights, including her right to examine the evidence against her, to present evidence on her behalf, and to cross-examine witnesses presented by the government.

The defendant further waives any rights that she may have to apply for relief from removal and requests that an order be issued by this court for her removal to Lebanon. The defendant agrees to accept a written order of removal as a final disposition of these proceedings and waives any rights she may have to appeal the order issued.

The order of removal shall also include a grant of withholding of removal to the country of Lebanon under Title 8, United States Code, Section 1231(b)(3), pursuant to Title 8, United States Code, Section 1228(c). Defendant hereby agrees to make both the judicial order of removal and the grant of withholding of removal to Lebanon a public document, waiving her privacy rights, including her privacy rights under 8 C.F.R. § 208.6. At the request of the U.S. Attorney's Office, Immigration and Customs Enforcement (ICE) will provide its concurrence to the government's request for a judicial order of removal coupled with a grant of withholding of removal to Lebanon as set forth above at sentencing. As a result of the above-referenced order, upon the completion of defendant's criminal proceedings, including any sentence of incarceration and any court-imposed supervision, defendant shall be placed on supervised release with ICE. Defendant will make good faith

and timely efforts to comply with all requirements imposed by ICE as part of an order of supervision and will comply with all legal obligations relating to authorization for work and/or travel.

The Court's failure, for any reason, to enter the judicial order of removal or the withholding of removal, shall make this plea agreement, and the promises contained herein, null and void. Moreover, defendant shall be permitted to withdraw her pleas of guilty in such an event.

## 9. EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw her guilty pleas, if the Court decides to impose a sentence higher than the maximum allowed by Part 3. The Court shall advise defendant that if she does not withdraw her guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

## 10. RIGHT TO APPEAL

If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant waives any right she has to appeal her conviction or sentence. If the sentence imposed is within the guideline range determined by Paragraph 2B the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range.

## 11. CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA(S) OR VACATION OF CONVICTION(S)

If defendant is allowed to withdraw her guilty plea(s) or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing her to withdraw her guilty plea(s) becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea(s) or to any conduct reflected in the attached worksheets, defendant waives her right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 12. PARTIES TO PLEA AGREEMENT

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan and U.S. Immigration and Customs Enforcement.

## 13. SCOPE OF PLEA AGREEMENT

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. It supersedes all other promises, representations, understandings, and agreements between the parties concerning the subject matter of this plea agreement that are made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for defendant at any time before defendant pleads guilty are binding

except to the extent they have been explicitly incorporated into this agreement.

This agreement does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

### 14. ACCEPTANCE OF AGREEMENT BY DEFENDANT

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 P.M. on November 6, 2007.

_____
ERIC M. STRAUS
Assistant United States Attorney
Chief, National Security Unit

STEPHEN J. MURPHY
United States Attorney

_____
KENNETH R. CHADWELL
Assistant United States Attorney

_____
MARK J. JEBSON
Special Assistant U.S. Attorney
Senior Assistant Chief Counsel
U.S. Immigration & Customs Enforcement

Date:

By signing below, defendant acknowledges that she has read (or been read) this entire document, understands it, and agrees to its terms. She also acknowledges that she is satisfied with her attorney's advice and representation. Defendant agrees that she has had a full and complete opportunity to confer with her attorney, and has had all of her questions answered by her attorney.

_____
THOMAS W. CRANMER
Attorney for Defendant

_____
NADA NADIM PROUTY
Defendant

# WORKSHEET A (Offense Levels)

Defendant: Nada Nadim Prouty     Count(s): 3 & 1

Docket No.: 07-20156     Statute(s): 18 U.S.C. §§ 1425, 371

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

1. **BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)**

| Guideline Section | Description | Levels |
|---|---|---|
| 2L2.2(a) | Naturalization Fraud/ Conspiracy | 8 |
| 2L2.2(b)(3) | Passport Use | 4 |
| | | |
| | | |

2. **ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)**

| Guideline Section | Description | Levels |
|---|---|---|
| 5K2.0(a)(2)(B) | S/L Waiver and Denaturalization together with other circumstances constitute exceptional case not adequately taken into consideration by guidelines | -2 |
| | | |
| | | |

3. **ADJUSTED OFFENSE LEVEL**

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.     **10**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*If this is the only Worksheet A, check this box and skip Worksheet B.*  ☐

*If the defendant has no criminal history, check this box and skip Worksheet C.*  ☑

(rev. 06/99)

# WORKSHEET A   (Offense Levels)

Defendant:  Nada Nadim Prouty            Count(s):    2

Docket No.:  07-20156                    Statute(s):  18 U.S.C. § 1030

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

1. **BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)**

| Guideline Section | Description | Levels |
|---|---|---|
| 2B1.1(a)(2) | Unauthorized Computer Access | 6 |
| 2B1.1(b)(14)(A)(i) | National Security Computer | 2 |
| | | |
| | | |

2. **ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)**

| Guideline Section | Description | Levels |
|---|---|---|
| 3B1.3 | Abuse of a Position of Trust | 2 |
| | | |
| | | |

3. **ADJUSTED OFFENSE LEVEL**

   Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.   **10**

   ********************

   *If this is the only Worksheet A, check this box and skip Worksheet B.*   ☐

   *If the defendant has no criminal history, check this box and skip Worksheet C.*   ☑

(rev. 06/99)

## WORKSHEET B  (Multiple Counts)

### Instructions  (U.S.S.G. ch. 3, pt. D):

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group." (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group. (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

    - assign 1 unit to the Group with the highest offense level,
    - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
    - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
    - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1.  **GROUP ONE: COUNTS** ___2___
    **ADJUSTED OFFENSE LEVEL**     | 10 | | 1 unit |

2.  **GROUP TWO: COUNTS** ___1 & 3___
    **ADJUSTED OFFENSE LEVEL**     | 10 | | 1 unit |

3.  **GROUP THREE: COUNTS** _____
    **ADJUSTED OFFENSE LEVEL**     |   | |   unit |

4.  **GROUP FOUR: COUNTS** _____
    **ADJUSTED OFFENSE LEVEL**     |   | |   unit |

5.  **TOTAL UNITS**                             | 2 units |

6.  **INCREASE IN OFFENSE LEVEL**

    | 1 unit → no increase | 2½-3 units → add 3 levels |
    | 1½ units → add 1 level | 3½-5 units → add 4 levels |
    | 2 units → add 2 levels | >5 levels → add 5 levels |

    | +2 |

7.  **ADJUSTED OFFENSE LEVEL OF GROUP WITH THE HIGHEST OFFENSE LEVEL**   | 10 |

8.  **COMBINED ADJUSTED OFFENSE LEVEL**    | 12 |

    Enter the sum of the offense levels entered in Items 6 and 7.

# WORKSHEET D   (Guideline Range)

1. **(COMBINED) ADJUSTED OFFENSE LEVEL**

   Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in Item 8 of Worksheet B.

   `12`

2. **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G § 3E1.1)**

   `-2`

3. **TOTAL OFFENSE LEVEL**

   Enter the difference between Items 1 and 2.

   `10`

4. **CRIMINAL HISTORY CATEGORY**

   Enter "I" if the defendant has no criminal history. Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

   `I`

5. **CAREER OFFENDER / CRIMINAL LIVELIHOOD / ARMED CAREER CRIMINAL (U.S.S.G. ch. 4, pt. B)**

   a. <u>Total Offense Level</u>: If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

   b. <u>Criminal History Category</u>: If the career offender provision (U.S.S.G. § 4B1.1) or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

6. **GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. ch. 5, pt. A)**

   Enter the guideline range in the Sentencing Table (see U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

   `6 to 12 months`

7. **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

   If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (See U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

(rev. 06/99)

# WORKSHEET E   (Authorized Guideline Sentences)

1. **PROBATION (U.S.S.G. ch. 5, pt. B)**

    a. Imposition of a Term of Probation  (U.S.S.G. § 5B1.1)

    ☐ 1. Probation is not authorized by the guidelines (minimum of guideline range > 6 months or statute of conviction is a Class A or a Class B felony).  If this box is checked, go to Item 2 (Split Sentence).

    ☐ 2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

    ☑ 3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 6 months).

    b. Length of Term of Probation  (U.S.S.G. § 5B1.2)

    ☑ 1. At least 1 year but not more than 5 years (total offense level ≥ 6).

    ☐ 2. No more than 3 years (total offense level < 6).

    c. Conditions of Probation  (U.S.S.G. § 5B1.3)

    The court must impose certain conditions of probation and may impose other conditions of probation.

2. **SPLIT SENTENCE (U.S.S.G. § 5C1.1(c)(2), (d)(2))**

    ☐ a. A split sentence is not authorized (minimum of guideline range = 0 months or > 10 months).

    ☑ b. A split sentence is authorized (minimum of guideline range > 0 months but ≤ 10 months).  The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 8, 9, or 10 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, or 6 months).  The authorized length of the term of supervised release is set forth below in Item 4.b

3. **IMPRISONMENT (U.S.S.G. ch. 5, pt. C)**

    A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D).  (*See* U.S.S.G. § 5C1.1.)

(rev. 06/99)

4. **SUPERVISED RELEASE** (U.S.S.G. ch 5., pt. D)

   a. <u>Imposition of a Term of Supervised Release</u>  (U.S.S.G. § 5D1.1)

   The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

   b. <u>Length of Term of Supervised Release</u>  (U.S.S.G. § 5D1.2)

   ☐ 1. At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

   ☑ 2. At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

   ☐ 3. 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

   ☐ 4. The statute of conviction requires a minimum term of supervised release of _____ months.

   c. <u>Conditions of Supervised Release</u>  (U.S.S.G. § 5D1.3)

   The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

5. **RESTITUTION** (U.S.S.G. § 5E1.1)

   ☐ 1. The court will determine whether restitution should be ordered and in what amount.

   ☐ 2. Full restitution to the victim(s) of the offense(s) of conviction is *required* by statute. (*See, e.g.*, 18 U.S.C. §§ 3663A, 2327.) The parties agree that full restitution is $_____.

   ☐ 3. The parties agree that the court may order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(3).)

   ☐ 4. The parties agree that the court may *also* order restitution to persons other than the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3).)

   ☑ 5. Restitution is not applicable.

(rev. 06/99)

Case 2:07-cr-20156-AC-MKM   ECF No. 6   filed 11/13/07   PageID.39   Page 18 of 18
(WORKSHEET E, p. 3)

**6. FINE (U.S.S.G. § 5E1.2)**

a. Fines for Individual Defendants

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).)  Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).)  However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

b. Fine Range from Fine Table (U.S.S.G. § 5E1.2(c)(3))

| **Minimum Fine** | **Maximum Fine** |
|---|---|
| $ 2,000 | $ 250,000 |

**7. SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)**

The court must impose a special assessment on every count of conviction.  The special assessments for individual defendants are

    $100.00 for every count charging a felony ($50.00 if the offense was completed before April 24, 1996)
    $ 25.00 for every count charging a Class A misdemeanor,
    $ 10.00 for every count charging a Class B misdemeanor, and
    $  5.00 for every count charging a Class C misdemeanor or an infraction.

The defendant must pay a special assessment or special assessments in the total amount of $ **225**.

**8. ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

List any additional applicable guideline, policy statement, or statute.

_____

**9. UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)**

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

_____
_____

(rev. 06/99)