UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                         SOUTHERN DIVISION


**UNITED STATES OF AMERICA,**

        Plaintiff,

                              **HONORABLE AVERN COHN**

   v.

                              **No. 07-20156**

**NADA NADIM PROUTY,**

        Defendant.
_____/


                         **SENTENCING HEARING**

                         Tuesday, May 13, 2008

Appearances:

| | |
|---|---|
| Kenneth R. Chadwell | Thomas W. Cranmer |
| U.S. Attorney's Office | Miller Canfield |
| 211 W. Fort Street, #2300 | 840 W. Long Lake Road, #200 |
| Detroit, Michigan  48226 | Troy, Michigan  48098 |
| (313) 226-9100 | (248) 879-2001 |
|   On behalf of Plaintiff | |
| | Howard M. Shapiro |
| | WilmerHale |
| | 1875 Pennsylvania Ave., N.W. |
| | Washington, D.C.  20006 |
| | (202) 663-6606 |
| |   On behalf of Defendant |

                               -  -  -
              *To obtain a certified transcript, contact:*
               *Sheri K. Ward, Official Court Reporter*
              *Theodore Levin United States Courthouse*
              *231 West Lafayette Boulevard, Room 219*
                      *Detroit, Michigan  48226*
                *(313)965-4401 • sward@fedreporter.com*

             *Proceedings recorded by mechanical stenography.*
          *Transcript produced by computer-aided transcription.*

*Sentencing Hearing*
*Tuesday, May 13, 2008*

# I N D E X

<u>Sentencing Hearing</u>                                      <u>Page</u>

Allocution by The Defendant  .....................5

Allocution by Mr. Shapiro  .......................6

Argument by Mr. Chadwell  ........................9

Sentence of the Court ...........................10

Certification of Reporter ......................14

- - -

```
 1                                    Detroit, Michigan
 2                                    Tuesday, May 13, 2008
 3                                    3:02 p.m.
 4                          -  -  -
```

 5        **THE CLERK:**  Now calling Case Number 07-20156,
 6   Defendant Number 1, *United States of America v. Nada Nadim*
 7   *Prouty*.
 8        Will counsel please identify themselves for the
 9   record.
10        **MR. CHADWELL:**  Good afternoon, Your Honor,
11   Kenneth Chadwell appearing on behalf of the United States.
12        **MR. CRANMER:**  Your Honor, good afternoon.
13   Tom Cranmer and Howard Shapiro appearing on behalf of
14   Ms. Prouty.
15        **THE COURT:**  Thank you.
16        Ms. Prouty, you are here on your plea of guilty to
17   three charges:  Conspiracy to defraud the United States,
18   unauthorized computer access, and naturalization fraud.
19        **THE DEFENDANT:**  Yes, Your Honor.
20        **THE COURT:**  I have received a presentence report,
21   which recommends a guideline range of 10 to 16 months based
22   on an Offense Level of 10 and a Criminal History Category of
23   I.  Your Rule 11 agreement calls for a guideline range of
24   6 to 12 months based on an Offense Level of 10 and a
25   Criminal History Category of I.  I find that the Rule 11

1   agreement properly states the guideline range.
2           Now, are there any objections, additions or
3   deletions to the presentence report?
4           **MR. CRANMER:**  No, Your Honor.  We had submitted
5   some objections, and I believe those were already dealt with
6   by the Probation Department and we have nothing further to
7   add.  Thank you.
8           **THE COURT:**  Thank you.
9           **MR. CHADWELL:**  The government has no objections as
10  well, Your Honor.
11          **THE COURT:**  Parenthetically, I note that you have
12  waived the statute of limitations to the offenses to which
13  you have pled guilty, and I am to sign as part of this a
14  Judicial Order of Removal to Lebanon and concurrent Grant of
15  Withholding of Removal to Lebanon, which I'm going to do
16  now.
17          **MR. CHADWELL:**  Your Honor, actually you need to
18  sign the other order prior to that one.
19          **THE COURT:**  I'll tell you, I'll sign this one
20  first, then the other order second, but then I'll put the
21  second order on top of the first one.  How is that?
22          **MR. CHADWELL:**  That's fine.
23          **THE COURT:**  And no one will ever know which order
24  I signed them in.
25          **MR. CHADWELL:**  Right.

1   **THE COURT:**  That's how you acknowledge that.  And
2   I will put a little number 1 here and a little number 2 here
3   so there is no dispute that I signed them in the proper
4   sequence.
5   **MR. CHADWELL:**  Thank you, Your Honor.
6   **THE COURT:**  Okay.  I have received from your
7   lawyer a comprehensive sentencing memorandum, which is part
8   of the public record, and also an appendix of letters to me
9   from relatives, friends and fellow workers.  These letters
10  are not part of the public record, and I deem them as
11  personal communications to me because of some of the matters
12  that are contained therein.
13  As to the sentencing memorandum, I urge those in
14  the courtroom who may want to comment on the proceeding to
15  read it.  I'm going to put a copy on the clerk's desk.
16  Now, you have a right to address the Court, as
17  does your lawyer and the government.  I suggest that if any
18  of you address the Court, you do not repeat what was said in
19  the sentencing memorandum.  I have read it.
20  Ms. Prouty?
21  **THE DEFENDANT:**  Yes, sir.  First I want to
22  thank you for giving me the opportunity to address the Court
23  today, and what I want to say is when I was a
24  nineteen-year-old student I foolishly decided to enter into
25  a fraudulent marriage in order to become a United States

1  citizen.  I could have, and I certainly should have, sought
2  to become a citizen in the proper way.  I accept full
3  responsibility for my error in judgment, and I am very sorry
4  for my mistake.
5          Nevertheless, sir, as I hope you can see from the
6  letters of support and other documents submitted to
7  Your Honor, I served this country well as an FBI agent and a
8  CIA operations officer.  On numerous occasions I put my life
9  on the line overseas in order to protect our interests here
10  at home.
11          I admit that I made mistakes, and I should
12  appropriately be punished for those mistakes.  However, I
13  need to reiterate that I am not, and have never been,
14  disloyal to the United States in any way, shape or form.
15          I respectfully ask this Court to consider my
16  dedicated service, the unfounded and unfair nature of the
17  more serious allegation against me, and the losses that my
18  family and I have already suffered in deciding whatever is a
19  just and fair sentence.  Thank you.
20          **THE COURT:**  Do either you, Mr. Shapiro, or you,
21  Mr. Cranmer, want to say anything?
22          **MR. SHAPIRO:**  Yes, Your Honor, if you will just
23  allow me a couple of minutes on behalf of Ms. Prouty.
24          Your Honor, as you have heard, Ms. Prouty comes to
25  sentencing deeply remorseful and sincerely sorry for her

1    actions, and as we have detailed and as I know Your Honor
2    has read carefully in the sentencing memorandum, Ms. Prouty
3    was just a nineteen-year-old student when she broke the law
4    in obtaining her permanent residency.  We have provided some
5    of the facts about Ms. Prouty's upbringing and background,
6    not to excuse her behavior, but to place it in context and
7    to better explain it.
8              What she did and what she pleads guilty to are, of
9    course, crimes, but how she has been portrayed in the press
10   and the public opinion is simply not accurate.  While an FBI
11   agent and a CIA operations officer Ms. Prouty's service to
12   the United States was dedicated and loyal, and as you can
13   see from the countless letters of support and commendations,
14   Ms. Prouty was an extraordinary asset to this country's
15   counter-terrorism efforts.
16             Although the specific details of her contributions
17   cannot be made public and cannot be disclosed because of
18   national security concerns, we have submitted to you
19   firsthand accounts from some 24 fellow FBI and CIA officers
20   who served alongside her.  Many details, of course, were
21   redacted, but I'm sure Your Honor got the flavor of them.
22             It is important to emphasize that Ms. Prouty's
23   violations in no way evidenced disloyalty or a threat to the
24   United States.  To the contrary, as these testimonials show,
25   and as shown in her repeated polygraphs, both before and

1  after her guilty plea, she has always been and she remains
2  loyal to her adopted country.  Her record of service to the
3  United States speaks volumes about her character.
4            And, to quote just one of the letters, this is
5  from CIA Officer Number 13 that appears behind Tab 21,
6  Your Honor, and as he said or she:
7            "Ms. Prouty's actions and bravery on the
8            most dangerous front lines of the War on
9            Terrorism make a valuable contribution
10           in protecting the lives of our men and
11           women in uniform as well as civilians at
12           home and abroad.  Given Ms. Prouty's
13           repeated sacrifices and assumptions of
14           great personal risk to her safety in the
15           name of the United States, it is
16           impossible to believe she would ever act
17           against the United States or in any way
18           which would harm the federal
19           institutions which she served.  Her
20           service to her country, community, and
21           moral standing are beyond reproach."
22 Your Honor, we respectfully request that you take both her
23 exemplary service and indeed the severe penalty that she has
24 already paid through loss of her citizenship into account in
25 fashioning your sentence.

1          Thank you, Your Honor.

2          **THE COURT:**  Thank you.

3          Mr. Chadwell.

4          **MR. CHADWELL:**  Your Honor, as stated in the plea

5   agreement, we do not object to any sentence within Zone B of

6   the sentencing guideline range.  I just want to make that

7   clear up front.  We ask that you accept the Rule 11 plea

8   agreement, that you limit your sentence to no more than

9   nine months, and that you follow all of the provisions in

10  the plea agreement.

11         I just want to respond briefly, too, to the

12  sentencing memorandum.  I think the defense did state

13  accurately in the memorandum that both parties agree that

14  Ms. Prouty does not have to be incarcerated.  That was

15  pretty clear after the plea agreement was written.

16  Certainly Zone B gives a wide range of options the Court

17  could do short of actual imprisonment, and the government,

18  therefore, is not asking for that.

19         However, this case should be taken very seriously.

20  It is a very serious case.  A lot of people come to the

21  United States the right way, work long hours in underserved

22  areas and everything else to get their citizenship.

23  Ms. Prouty did not do that, and having not done that, she

24  had this deep, dark secret in her past.

25         She then joined the country's two intelligence

1  agencies, the FBI and the CIA.  She defrauded them into
2  hiring her.  They would have never hired her had they known
3  her background.
4          She repeatedly signed forms saying she didn't have
5  a deep, dark secret, and having a deep, dark secret is a
6  very serious national security risk because if a foreign
7  intelligence service finds out about your deep, dark secret
8  and comes to you and says you have to do X, Y, Z or we are
9  going to reveal this, that's a big problem.  Now, I'm not
10 saying Ms. Prouty did that or a foreign intelligence service
11 learned of that, but this is why it is very, very important
12 for the intelligence agencies, first of all, to ferret these
13 things out before they get this far long and also that
14 people not be in the intelligence services who have this
15 type of a background and this type of vulnerability to the
16 United States.
17         Thank you, Your Honor.
18         **THE COURT:**  I should mention before I go ahead
19 that there is also a performance evaluation that I have
20 received from the CIA in redacted form which should be part
21 of the public record and should be made available to anyone
22 who wants to read it, so I will put that at the table.
23         What I intend to do now is impose the sentence and
24 then state my reasons.  I sentence you as follows:
25         You are to pay a $750 fine as well as a special

1    assessment of $225.

2        If you would like to sit down now, it will take me
3    about five minutes to read this.

4        **MR. SHAPIRO:**  Thank you, Your Honor.

5        **MR. CRANMER:**  Thank you, Your Honor.

6        **THE COURT:**  My job in sentencing is to consider
7    the factors of 18 U.S.C. 3553(a) and impose a sentence
8    sufficient, but not greater than necessary, to serve the
9    purposes of sentencing as enumerated in the statute.  I must
10   also consider that there exists aggravating or mitigating
11   circumstances of a kind or degree not adequately taken into
12   consideration by the Sentencing Commission in promulgating
13   the guidelines.

14       In considering your sentence, I have taken into
15   consideration the recommended guideline range.  I have also
16   looked at your age, marital status, employment record,
17   family ties, criminal history, socioeconomic status,
18   education and vocational skills, as well as the other
19   matters required by the statute.

20       This is a highly unique situation.  The essential
21   offense which you committed was marriage fraud.  You engaged
22   in a sham marriage to obtain citizenship and to avoid having
23   to return to Lebanon.  Your desire not to return to Lebanon
24   given consideration to the conditions which existed there in
25   the late 1990's, I'm sorry, in the early 1990's is

1    understandable.
2             You also improperly accessed a computer available
3    to you at your work station.  As to that offense, you did
4    not print out anything, nor did you tell anyone what you
5    read.
6             The personal circumstances, as noted, that led to
7    the sham marriage occurred almost 20 years ago.  Since that
8    time you have rendered extraordinary services to the
9    United States as an agent of the FBI and in the employ of
10   the CIA.  At no time did you ever compromise or jeopardize
11   the integrity of any work assignment to improper behavior or
12   inappropriate conduct.  I have received a letter from the
13   CIA, which reads:
14             "This letter is to inform you that the CIA
15             conducted a debriefing of Nada Prouty, which began
16             on 28 January 2008.  It included a polygraph
17             interview.  Ms. Prouty was fully cooperative
18             during those processes.  The agency did not
19             identify any information that Ms. Prouty
20             cooperated or engaged in unauthorized contact with
21             a foreign intelligence service or terrorist
22             organization."
23            As a citizen you served your country honorably and
24   effectively and at times in situations which exposed you to
25   personal danger.  One of your colleagues, now retired, has

1   written me as follows:
2           "Let me offer some personal observations
3       about Ms. Prouty that rest on direct experience,
4       not speculation.  Ms. Prouty worked for me in
5       Baghdad during the second half of 2003 where I was
6       serving as the senior intelligence official in
7       Iraq.
8           "Those were bad days.  The insurgency was
9       spreading throughout the country.  Violence was
10      spiraling upwards.  The leadership in the
11      Whitehouse and the Department of Defense were
12      dismissing the obvious trends as insignificant.
13      We were understaffed and undersupported, yet the
14      mission was all the more critical.
15          "While many officers in the CIA were
16      unwilling to serve in this deteriorating,
17      high-risk and thankless endeavor, Ms. Pouty did
18      not waiver.  She arrived ready to work.  She was
19      relentless and provided critical operational
20      information.
21          "It was a dynamic and unpredictable
22      environment.  Ms. Prouty was in the streets.  She
23      was one of the few Arabic speakers I had in the
24      country, and as a consequence, she was always in
25      demand.  Ms. Prouty's hours were endless, yet

1     she never hesitated to take up a task despite a
2     personal risk.  Through it all she exhibited
3     exemplary professionalism."
4          The media accounts of your case, perhaps prompted
5  by the excessiveness of the press releases issued by the
6  United States Attorney's Office, have grossly distorted the
7  circumstances of your case, even taking into consideration
8  the statement of the Assistant United States Attorney.
9          You and your family have suffered, and will
10 continue to suffer, as a result of an error in judgment made
11 19 years ago, including loss of citizenship and loss of
12 employment.  In consideration of the foregoing reasons, and
13 particularly the exemplary services you have rendered to our
14 country, I have imposed the sentence recited above.  It is
15 sufficient punishment in light of the totality of the
16 circumstances attendant upon your guilty plea.  It is
17 sufficient but not greater than necessary.
18          Thank you.
19          **MR. CRANMER:**  Thank you, Your Honor.
20          **THE CLERK:**  All rise.  Court is in recess.
21     (Proceedings concluded at 3:19 p.m.)
22                          -  -  -
23               **C E R T I F I C A T I O N**
24      I, Sheri K. Ward, official court reporter for the
25  United States District Court, Eastern District of

1   Michigan, Southern Division, appointed pursuant to the
2   provisions of Title 28, United States Code, Section 753,
3   do hereby certify that the foregoing is a correct
4   transcript of the proceedings in the above-entitled cause
5   on the date hereinbefore set forth.
6           I do further certify that the foregoing
7   transcript has been prepared by me or under my direction.

*Sheri Ward*                               May 16, 2008
Sheri K. Ward                              Date Completed
Official Court Reporter

                         -   -   -